IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AMBER SNELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CASE NO. 2:05-cv-870-WKW |
| v. ) | (WO) |
| ) | |
| BOARD OF TRUSTEES OF ) | |
| ALABAMA STATE UNIVERSITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on the Motion to Remand (Doc. # 22) filed by Defendant Kenneth Arrington ("Arrington"). Plaintiff Amber Snell ("Snell") has filed responses in opposition to the motion. (Docs. # 23 & 25.) The Court has reviewed the submissions of the parties and finds that, for the reasons set forth below, the motion is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

On June 2, 2005, Snell filed this civil action against Alabama State University ("ASU") and Arrington, an employee of ASU, in the Circuit Court of Montgomery County, Alabama, alleging state law claims premised upon sexual harassment. (Doc. # 1, Compl.) Snell subsequently filed an Amended and Restated Complaint alleging a 20 U.S.C. § 1681 claim against ASU, and claims of assault and battery, outrage, false imprisonment, and invasion of privacy against Arrington. (Doc. # 1, Am. Compl.) On September 9, 2005, pursuant to 28 U.S.C. § 1441(a), Defendants ASU and Arrington removed this action to this Court. (Doc. # 1, Notice of Removal at 3.)

On June 27, 2006, the Court dismissed with prejudice all claims alleged by Snell against

1

ASU. (Doc. # 20.) Thereafter, on July 18, 2006, Arrington filed a Motion to Remand (Doc. # 22), arguing that under 28 U.S.C. § 1367(c)(3), this Court should decline to exercise supplemental jurisdiction over the state law claims alleged against him. Snell has filed responses in opposition to the motion to remand (Docs. # 23 & 25), thus the motion is ripe for consideration by the Court.

## II. DISCUSSION

A review of the Court's exercise of jurisdiction is instructive. Defendants removed this case pursuant to 28 U.S.C. § 1441(a), which allows the removal of actions over "which the district courts of the United States have original jurisdiction." Without doubt, this Court would have had original jurisdiction over Snell's 20 U.S.C. § 1681 claim if it had initially been filed here because this claim arose under federal law. *See* 20 U.S.C. § 1681. However, the remaining claims contained in Snell's Amended and Restated Complaint are based completely upon Alabama state law. Because diversity jurisdiction is lacking in this case, the Court could not have exercised original jurisdiction over these state law claims had they initially been filed here. Consequently, the Court's jurisdiction over the state law claims was invoked by supplemental jurisdiction. *See* 28 U.S.C. § 1367(a).[1]

Now, due to the dismissal of Snell's 20 U.S.C. § 1681 claim against ASU, the sole claim which arose under federal law, the only claims remaining before the Court are Snell's state law claims against Arrington. The issue presently before the Court is whether it should retain supplemental jurisdiction over the state law claims.

Section 1367(c) provides that "[t]he district courts may decline to exercise supplemental

---

[1] 28 U.S.C. § 1367(a) provides, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

jurisdiction over a claim under subsection (a) if– . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  The determination of whether a court should "exercise supplemental jurisdiction over pendant state claims rests within the discretion of the district court." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).  The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Id*.  Considering the facts alleged in this case, the posture of this case, and the possible stay of this action pending resolution of Arrington's criminal appeal, the Court declines to retain supplemental jurisdiction over the state law claims and will remand them to state court.

### III. CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Defendant Kenneth Arrington's Motion to Remand (Doc. # 22) is GRANTED.  Pursuant to 28 U.S.C. § 1447(c), the claims of assault and battery, outrage, false imprisonment, and invasion of privacy alleged against Defendant Kenneth Arrington are hereby REMANDED to the Circuit Court of Montgomery County, Alabama, from whence they were removed.

All other motions are left for resolution by the state court after remand.

The Clerk of the Court is DIRECTED to take the necessary steps to effectuate the remand of this case to the Circuit Court of Montgomery County, Alabama.

DONE this 5th day of September, 2006.

                          /s/  W. Keith Watkins
                          UNITED STATES DISTRICT JUDGE